No. 12,817.

### EDGAR NEWMAN VS. GEO. F. SCHMINKE.

Where a copartnership agreement provides that in event of disagreement between the copartners, a third person (named), who furnishes the capital upon which the business is conducted, should take possession of the affairs of the firm, one of the parties sued by the other for liquidation is without cause of complaint that the court should, on rule to show cause taken in the pending suit, appoint such third person liquidator.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Harold W. Newman* and *Dart & Kernan* for Plaintiff, Appellee.

*James B. Rosser, Jr.,* for Defendant, Appellant.

Argued and submitted May 21, 1898.
Opinion handed down May 30, 1898.

The opinion of the court was delivered by

BLANCHARD, J. This case is the sequel of the preceding one of Schminke & Newman vs. Their Creditors.

It was filed in the lower court on the day succeeding that on which the first was filed. The two were consolidated and tried together.

The present suit is instituted for the liquidation of the affairs of the firm of Schminke & Newman. The acts and doings of the partners and the troubles and disagreements between them, which, in the view of the partner suing, make dissolution and liquidation necessary, are set forth in the opinion handed down in the Schminke & Newman case. It is not necessary to restate them here.

Plaintiff alleges he does not wish to continue the copartnership with Geo. F. Schminke and avers his right to dissolve the same.

He represents that the firm is solvent, but that defendant is indebted to the copartnership in an amount in excess of his capital and share in its assets.

He shows that by the terms of the original articles of copartnership and the supplemental agreement of July 9, 1895 (both referred

to at length in Schminke & Newman vs. Their Creditors), Isidore Newman, Sr., who advanced the capital to conduct the firm's business, is entitled to be appointed liquidator of the firm.

. He prayed accordingly, and for the general and final liquidation of the affairs of the partnership.

The court below issued an order requiring defendant to show cause on a day fixed why the liquidation should not be ordered and why Isidore Newman, Sr., should not be appointed liquidator, and directed, meanwhile, that defendant refrain from the performance of any and all acts to the injury of the firm and its affairs.

Defendant appeared and excepted that the proceeding is in law an ordinary action and can be tried only after the expiration of the legal delays allowed for ordinary actions. He objected to its being made, in any part thereof, summary, as was attempted by the rule to show cause why Isidore Newman, Sr., should not be appointed liquidator before the expiration of the delays as in case of ordinary actions. Reserving his exception he answered, denying the right of Isidore Newman, Sr., to be appointed liquidator, denying any indebtedness to the firm, and praying dismissal of the action; but if liquidation of the firm's affairs be decreed, he asked the appointment of some disinterested person to act in that capacity.

Besides the rule to show cause why Newman should not be named as liquidator served upon defendant, there was ordinary citation on the general demand for liquidation and settlement of the partnership affairs.

The exception was not sustained and there was judgment on the rule ordering the liquidation and appointing Newman liquidator. Defendant appeals therefrom.

We do not find this judgment erroneous. The written agreements relating to this partnership contemplated and provided that Newman, Sr., should take possession of the affairs and business of the firm upon a disagreement arising between the partners over its management. The stipulation was that in the event of such disagreement between the partners they would, *when called upon by Newman, Sr.*, surrender to him the business with all stock, accounts, bills receivable, etc.

The disagreement here contemplated did arise, and in consequence thereof one of the partners sued for dissolution and liquidation. As part and parcel of this proceeding he asks that Newman,

Sr., be appointed liquidator. It would seem from the agreement made by the partners, which is binding upon them, Newman, Sr., was empowered to take possession of the firm's affairs without waiting for formal appointment by the court as liquidator thereof. If this be so, and it can not be doubted, defendant is without matter of grievance, without cause of complaint, that the court should name him as liquidator on rule to show cause in the suit which the one partner brings against the other to have liquidation judicially declared.

The extraordinary right given by the partners to Newman, Sr., to take possession of the business and affairs of the firm upon disagreement arising between them was, as was pointed out in the opinion in Schminke & Newman vs. Their Creditors, because of the fact that Newman had furnished all the capital upon which the business was being conducted. We held in the former case that this was a lawful consideration for the delegation of such authority, and that such delegation must have its legal effect.

If, then, Mr. Newman could summarily take possession of the business of the partnership without proceedings in court to that end, defendant is without interest to object that the court has, on rule to show cause, appointed him liquidator of its affairs with bond and security, which appointment he has accepted.

Judgment affirmed.